IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER GOODSON, ) | |
| # 099270, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.1:08cv729-TMH |
| ) | (WO) |
| LOUIS BOYD, *et al.*, ) | |
| ) | |
| Respondents. | |

**O R D E R**

This case is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed September 2, 2008, by state inmate Sylvester Goodson ("Goodson").[1] Goodson challenges his 1969 convictions for first-degree burglary and assault with intent to ravish, entered in the Circuit Court of Houston County, Alabama, and his 1987 conviction for third-degree burglary, also entered in the Circuit Court of Houston County.[2] The respondents filed an answer (Doc. No. 5) in which they argue, among other things, that Goodson's failure to file his petition within the one-year "grace period" allowed in this circuit means his petition

---

[1] The petition was date-stamped "received" in this court on September 5, 2008; however, it was signed by Goodson on September 2, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Goodson] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Rule 2(e), Rules Governing Section 2254 Cases, prohibits an inmate from filing a habeas petition challenging judgments "of more than one state court." Arguably, Goodson may join his challenges of the separate judgments in one petition because they originated from the same state court.

is time-barred pursuant to 28 U.S.C. § 2244(d)(1). The respondents specifically argue that because the challenged convictions were final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Goodson had until April 24, 1997, to file a timely § 2254 petition, because he did not file a state post-conviction petition challenging his convictions during the running of the limitation period.[3] *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).

Upon review of the pleadings and evidentiary materials filed in this case, it appears that Goodson failed to file his § 2254 petition within the time allowed by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Goodson challenges his 1969 convictions for first-degree burglary and assault with intent to ravish, for which the Circuit Court of Houston County imposed sentence on September 8, 1969. He did not appeal those convictions. By operation of law, then, those convictions became final on October 20, 1969 – 42 days after imposition of sentence – as that was the date on which Goodson's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Goodson also challenges his 1987 conviction for third-degree burglary, for which the Circuit Court of Houston County imposed sentence on December 21,

---

[3]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996, which became effective on April 24, 1996.

1987. Goodson appealed that conviction, and the Alabama Court of Criminal Appeals affirmed in an opinion entered on October 28, 1988. *Goodson v. State*, 539 So. 2d 1112 (Ala. Crim. App. 1988). The Alabama Supreme Court denied certiorari on March 3, 1989. The conviction became final 90 days later when Goodson did not seek certiorari review by the United States Supreme Court. *See Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002).

In light of the foregoing, it is clear that all convictions challenged by Goodson in his habeas petition became final before enactment of the AEDPA. The Eleventh Circuit has held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and has determined that "a reasonable time" is "one year." *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Goodson filed no state post-conviction petitions that would toll the one-year period of limitation applicable to the instant action. This court concludes, therefore, that the time allowed Goodson for filing a federal habeas petition expired on April 24, 1997.

Goodson did not file his federal habeas petition until September 2, 2008 – over 10 years after expiration of the reasonable time period afforded to him under applicable law.

3

Accordingly, it is

**ORDERED that on or before October 21, 2008**, Goodson shall show cause why his federal habeas petition should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

Done this 1st day of October, 2008.

                                              /s/Susan Russ Walker
                                              SUSAN RUSS WALKER
                                              CHIEF UNITED STATES MAGISTRATE JUDGE