IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER GOODSON,  )  <br> # 099270,  ) <br> ) <br>     Petitioner,  ) <br> ) <br>v  ) <br> ) <br>LOUIS BOYD, *et al.*,  ) <br> ) <br>     Respondents.  ) | Civil Action No.1:08cv729-TMH <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     BACKGROUND**

Sylvester Goodson ("Goodson"), an Alabama inmate, is before this court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 2, 2008 (*Doc. No. 1*).[1] Goodson challenges his 1969 guilty-plea convictions for first-degree burglary and assault with intent to ravish, entered in the Circuit Court of Houston County, and his 1987 jury-trial conviction for third-degree burglary, also entered in the Circuit Court of Houston County.[2] Goodson asserts (1) that his 1969 guilty pleas were not knowing and voluntary; (2)

---

[1]The petition was date-stamped "received" in this court on September 5, 2008; however, it was signed by Goodson on September 2, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Goodson] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]In September 1969, Goodson was sentenced to 99 years in prison for his conviction for first-degree burglary and to 10 years in prison for assault with intent to ravish, the 10-year sentence to be served consecutively to the 99-year sentence. In December 1987, he was sentenced to 20 years
(continued...)

that the jury venire in his 1969 case was unlawfully selected because of the exclusion of blacks from the county juror list; (3) that he was denied the right to appeal from his 1969 convictions; (4) that the sentences imposed for his 1969 and 1987 convictions violated the prohibition against double jeopardy; and (5) that he received ineffective assistance of counsel during the state court proceedings against him. (*Doc. No. 1 at pp. 5-8.*)

The respondents filed an answer (*Doc. No. 5*) in which they contend that Goodson's failure to file his petition within the one-year "grace period" allowed in this circuit means his petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). The respondents specifically argue that because the challenged convictions were final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Goodson had until April 24, 1997, to file a timely § 2254 petition, because he did not file a state post-conviction petition challenging his convictions during the running of the limitation period.[3] *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).

Based on the respondents' answer and the evidentiary materials filed therewith, this court entered an order advising Goodson that it appeared he had failed to file the present

---

[2](...continued)
in prison for third-degree burglary, to be served concurrently with his 10-year sentence and consecutively to his 99-year sentence. Rule 2(e), *Rules Governing Section 2254 Cases*, prohibits an inmate from filing a habeas petition challenging judgments "of more than one state court." Goodson may join his challenges of the separate judgments in one petition because they originated from the same state court.

[3]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996, which became effective on April 24, 1996.

federal petition within the one-year "grace period" allowed in this circuit. (*Doc. No. 11.*) The order also gave Goodson an opportunity to show cause why his petition is not barred from review by this court. (*Id.*) Goodson filed a response in which he asserts, without presenting any supporting evidence, that in 1969 and 1989 he filed petitions for writ of error coram nobis challenging the 1969 and 1987 convictions, respectively, but that these petitions "were never acted upon by the state," and therefore the limitations petition has remained tolled. (*Doc. No. 12.*)

Upon review of the pleadings filed by the parties, the evidentiary materials, and the applicable law, this court concludes that Goodson's habeas petition should be denied and this case dismissed because the petition was not filed with the time allowed by federal law.

## II.   DISCUSSION

*A.   Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an

>application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus the statute, at § 2244(d)(1)(A), directs that the limitation period for filing a §2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. *See* 28 U.S.C. § 2244(d)(1)(A).

Goodson challenges his 1969 convictions for first-degree burglary and assault with intent to ravish, for which the Circuit Court of Houston County imposed sentence on September 8, 1969. (*State Exhs. RX-1 & RX-2.*) He did not appeal those convictions. By operation of law, those convictions became final on October 20, 1969 – 42 days after imposition of sentence – as that was the date on which Goodson's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Goodson also challenges his 1987 conviction for third-degree burglary, for which the Circuit Court of Houston County imposed sentence on December 21, 1987. (*See State Exh. RX-4.*) Goodson appealed that conviction, and the

4

Alabama Court of Criminal Appeals affirmed in an opinion entered on October 28, 1988. *Goodson v. State*, 539 So. 2d 1112 (Ala. Crim. App. 1988). The Alabama Supreme Court denied certiorari on March 3, 1989. (*Id.*) The conviction became final 90 days later when Goodson did not seek certiorari review by the United States Supreme Court. *See Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002).

In light of the foregoing, it is clear that all convictions challenged by Goodson in his habeas petition became final before enactment of the AEDPA on April 24, 1996. The Eleventh Circuit has held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and has determined that "a reasonable time" is "one year" after the enactment, i.e., until April 24, 1997. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Goodson has presented no evidence to support his bald assertion that, in 1969 and 1989, he filed petitions for writ of error coram nobis challenging his convictions, but that those petitions were never ruled by the state courts. Therefore, this court rejects his suggestion that the limitations period has remained tolled in his case for several decades. The court concludes that the time allowed Goodson for filing a federal habeas petition expired on April 24, 1997, the date provided by the one-year "grace period" allowed in this

5

circuit. However, Goodson did not file his federal habeas petition until September 2, 2008 – over 10 years after expiration of the reasonable time period afforded to him under applicable law.

### B.     *Other Statutory Exceptions to Limitation Period*

Any efforts by Goodson to seek safe harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) would be unavailing in this case. There is no evidence that any unconstitutional or illegal State action impeded Goodson from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Goodsons' claims also do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Goodson does not submit any grounds for relief that arguably could not have been put forward earlier under the exercise of due diligence. *See* § 2244(d)(1)(D).

### C.     *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086,

6

1089-90 (11th Cir. 2000).

As noted above, this court entered an order allowing Goodson an opportunity to show cause why his petition should not be time-barred from review by this court. (*Doc. No. 11.*) While Goodson did file a response to the court's order (*Doc. No. 12*), his response does not assert any credible basis for either equitable or statutory tolling of the limitation period in this case. Because Goodson has shown no basis for tolling, statutory or equitable, his federal habeas petition is time-barred, and it is unnecessary to address the merits of the claims he raises in the petition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied as time-barred and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 17, 2010**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 3rd day of August, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE